[Civ. No. 3102. First Appellate District, Division Two.—March 5, 1920.]

JOSEPHINE W. NELSON, Appellant, v. LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED (a Corporation), Respondent.

[1] WORKMEN'S COMPENSATION ACT—DEATH OF EMPLOYEE ENGAGED IN INTERSTATE COMMERCE—MISTAKEN ASSUMPTION THAT COMPENSATION ACT APPLICABLE—AGREEMENT FIXING COMPENSATION—WANT OF CONSIDERATION.—Where an employee of a steamship company is killed while engaged in interstate commerce loading a vessel of the company in a California port, and his surviving wife and the steamship company's insurance carrier, both acting

upon the mistaken assumption that the provisions of the California Workmen's Compensation Act are applicable, enter into an agreement fixing the amount of weekly compensation to be paid on account of the accident, which amount it is agreed is to be paid "so long as required by said act," such agreement is without consideration and the insurance carrier is justified in repudiating the same.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. D. Schaffer and Anthony Podesta for Appellant.

Walter H. Linforth and C. S. Bucher for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of defendant after an order of the trial court sustaining its demurrer to plaintiff's complaint without leave to amend.

The allegations of the complaint are that on the twelfth day of May, 1914, plaintiff's husband, during the course of his employment as a stevedore for the Matson Navigation Company, was killed while loading a vessel of that company in the port of San Francisco; that his average weekly wage at that time was twenty dollars, and that plaintiff was his sole dependent. It is also alleged that prior to that time the defendant had entered into an agreement with the Matson Navigation Company, promising to pay to the dependents of employees of that company all sums of money due under the "Workmen's Compensation, Insurance and Safety Act" arising out of personal injuries, including death, sustained by such employees in the course of their employment. That for a period of twenty weeks subsequent to May 12, 1914, defendant paid to plaintiff the sum of thirteen dollars a week, or a total of $260, and that on the thirtieth day of September, 1914, plaintiff and defendant entered into an agreement in writing respecting the further payment of compensation to plaintiff and adjusting the amount and manner of payment thereof. That such agreement provided in part as follows: "The payment of $13 each week in accordance with Workmen's Compensation, Insurance and Safety Act, Laws of 1913, will be made so long

as required by said act." That said agreement was approved by the Industrial Accident Commission of the state of California, and for a period of 139 weeks subsequent to the thirtieth day of September, 1914, defendant paid to plaintiff $13 per week, or a total sum of $1,807, and that on the twenty-ninth day of May, 1917, defendant notified plaintiff that it had abandoned and repudiated said agreement and that no further payments would be made thereunder. It is then alleged that the sum of $1,053 is still due under the agreement by reason of the terms of the "Workmen's Compensation, Insurance and Safety Act," which called for the payment of three times the average annual earnings of the defendant, and demand was made for judgment in that amount.

[1] Respondent justifies its repudiation of the agreement upon the ground that subsequent to its execution the supreme court of the United States ruled that the Industrial Accident Commission of the state had no jurisdiction over accidents occurring upon vessels engaged in interstate commerce in navigable waters. (*Southern Pacific Co.* v. *Jensen*, 244 U. S. 205, [Ann. Cas. 1917E, 900, L. R. A. 1918C, 451, 61 L. Ed. 1086, 37 Sup. Ct. Rep. 524].) It is conceded that appellant's husband was employed in interstate commerce at the time of the injury. From this it is argued that no liability attached to the respondent for the payment of compensation under the "Workmen's Compensation, Insurance and Safety Act" of this state, and that, therefore, there was no consideration for the settlement agreement made in 1914. The purpose of the settlement agreement undoubtedly was to fix the amount of compensation to be paid on account of the accident and the time and manner of payment. It was not a settlement of any disputed claim or a compromise of a doubtful right, both parties at the time having assumed that the provisions of the "Workmen's Compensation, Insurance and Safety Act" applied to accidents of this nature and that the liability of the respondent to pay was fixed by the terms of that act. The liability of the respondent was not disputed at that time, and the right of the appellant to receive compensation in accordance with the terms of the said act was not doubted until after the decision of the supreme court of the United States holding that the state commission had no jurisdiction over accidents of that nature.

But it appears from the allegations of the complaint that respondent never contracted to make any payments except of such sums as the Matson Navigation Company might be obligated to pay under the "Workmen's Compensation, Insurance and Safety Act." Under the decision of the United States supreme court in the Jensen case that company was not obligated to pay under the act for injuries to its employees sustained while engaged in interstate commerce, but its liability, if any, was a common-law liability only, which was not covered by respondent's insurance contract. Thus, neither the appellant nor the Matson Navigation Company could have maintained an action on the insurance contract for compensation for such injury. The settlement agreement was, therefore, without consideration. It was in no sense a contract based on the consideration of forbearance to sue, but was based upon a mistake of both law and fact. (*City Street Improvement Co.* v. *Pearson*, 181 Cal. 640, [185 Pac. 962].)

For these reasons the judgment is affirmed.

Langdon, P. J., and Brittain, J., concurred.